IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00326-FDW

| DERRICK JERVON LINDSAY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| A. SMITH, Officer; FNU INGRAM, Unit Manager; FNU PARKER, Sgt.; C. SMITH, Officer; FNU GRUDZINSKI, Officer; FNU MIMS; Captain; ALFRED WILLIAMS, Disciplinary Hearing Officer; GEORGE SOLOMON, Director of Prisons, | ) | **ORDER** |
| Defendants. | ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's *pro se* complaint. (Doc. No. 1). For the reasons that follow, Plaintiff's complaint will be dismissed.

Plaintiff is a prisoner of the State of North Carolina who filed his complaint while housed in the Lanesboro Correctional Institution within this District. In his complaint, Plaintiff alleges that one or more of the named defendants assaulted him during an apparent disagreement on May 27, 2015. On May 29, 2015, Plaintiff filed an emergency grievance with Defendant Solomon. Plaintiff was written up for his alleged actions on and later found guilty of certain conduct following a disciplinary hearing.[1]

---

[1] Plaintiff's complaint against Disciplinary Officer Williams is subject to dismissal notwithstanding the reasons given herein because Plaintiff has failed to establish that the guilty finding has been overturned, but rather he merely disagrees with the result. See Edwards v. Balisok, 520 U.S. 641, 644-45 (1997).

1

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

As an initial observation, the Court notes that while a prisoner of the State of North Carolina, Plaintiff has filed three *pro se* civil rights complaints in this District pursuant to 42 U.S.C. § 1983, and in each of those cases he was allowed to proceed *in forma pauperis*, and each of those cases were dismissed under the Prisoner Litigation Reform Act (PLRA) for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) or 1915A(b)(1). See Derrick Lindsay v. Stanley County Court, et al., No. 3:14-cv-00150-FDW (W.D.N.C. Apr. 14, 2014); Derrick Lindsay v. Department of Public Safety, No. 3:14-cv-00158-FDW (W.D.N.C. May 9, 2014); Derrick Lindsay v. FNU Lambert, et al., No. 3:13-cv-00076-RJC (W.D.N.C. Feb. 5, 2015).

Because Plaintiff is seeking to proceed *in forma pauperis* in this present action, his

complaint is governed by the PLRA which provides, in pertinent part, as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Although Plaintiff alleges that he was assaulted by one or more defendants, the alleged assault occurred on May 27, 2015, and his complaint was not filed until July 15, 2015, and they are no plausible allegations that he was subjected to any further risk of physical injury after the initial assault. Accordingly, because Plaintiff cannot demonstrate that he is danger of imminent physical injury he is required to pay the full $400 filing fee before his complaint may proceed, and because he has tendered no funds with his complaint it will be dismissed.

Finally, Plaintiff's complaint will be dismissed because based on his own allegations, he has failed to fulfill the requirements of the State's mandatory grievance procedure. In North Carolina, State prisoners must complete a three-step administrative remedy procedure (ARP) in order to exhaust their administrative remedies. See N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008).

Plaintiff maintains that he completed Step One of the ARP and he affirms that he will file all other responses as he receives them. (Civil Case No. 3:15-cv-00326, Doc. No. 1: Compl. at 2-3). However, this assurance is clearly insufficient to allow him to proceed at this stage of the ARP, because as Federal law makes plain, "[n]o action shall be brought with respect to prison conditions under section 1983, or any other Federal law, by a prisoner confined in any jail, prison, or other

3

correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted and his complaint will be dismissed.

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: August 3, 2015

Frank D. Whitney
Chief United States District Judge